[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13237
Non-Argument Calendar

_____

D. C. Docket No. 06-61099-CV-JEM

CAPE ANN TOWING,

　　　　　　　　　　　　　　　　Plaintiff-Appellant,

versus

M/Y "UNIVERSAL LADY",
in rem,
BP ENTERPRISES OF FLORIDA, LLC,

　　　　　　　　　　　　　　　　Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 11, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Cape Ann Towing sued Motor Yacht Universal Lady ("M/Y Universal Lady") *in rem* claiming it was entitled to a salvage award in the amount of $487,500 for recovery and towing services provided to M/Y Universal Lady.[1] Following a non-jury trial, the district court found that Cape Ann Towing had not established the requisite existence of a maritime peril to M/Y Universal Lady necessary to a salvage award and thereby concluded that Cape Ann Towing was not entitled to a salvage award. Instead, the district court entered a final judgment awarding compensation to Cape Ann Towing in the amount of $2706.37 on the basis of *quantum meruit* for marine towing services.

In order to establish a claim for a salvage award, a potential salvor must demonstrate (1) the existence of a maritime peril from which the property could not have been saved without the salvor's assistance; (2) a voluntary act on the part of the salvor; and (3) the salvor's success in saving the property.[2] Klein v. Unidentified Wrecked & Abandoned Sailing Vessel, 758 F.2d 1511, 1515 (11th

---

[1] Salvage awards have been awarded as a matter of public policy to encourage seamen to render aid in emergency situations and are not limited to *quantum meruit* compensation but rather take into consideration several factors first articulated by the Supreme Court in The Blackwall, 77 U.S. 1, 14 (1869), including the value of the property saved, the time and skill of the rescuers and degree of danger involved.

[2] At trial, the parties did not dispute that the actions of Cape Ann Towing were voluntary and successful, but rather only disagreed whether M/Y Universal Lady was subject to a maritime peril.

Cir. 1985); see also Fort Myers Shell & Dredging Co. v. Barge NBC 512, 404 F.2d 137, 139 (5th Cir. 1968)[3] (explaining that the maritime peril need not be imminent but rather reasonably apprehended).

On appeal, Cape Ann Towing argues that the district court erred in its determination that the M/Y Universal Lady was not in a situation of reasonable apprehension of maritime peril at the time Cape Ann Towing rendered its services. Additionally, Cape Ann Towing argues that the district court erred in calculating the compensation owed to Cape Ann Towing based on the standard hourly rate for marine towing rather than on the per foot of vessel charge which is customary in a salvage award.

We are not permitted to set aside the judgment of a trial court, sitting without a jury in an admiralty case, unless it is clearly erroneous. McAllister v. United States, 348 U.S. 19, 20 (1954); Harbor Tug & Barge, Inc. v. Belcher Towing Co., 733 F.2d 823, 825 (11th Cir. 1984). The district court's findings of fact are also reviewed for clear error. See Flagship Marine Servs., Inc. v. Belcher Towing Co., 966 F.2d 602, 604 (11th Cir. 1992), *reinstated by* 23 F.3d 341 (11th Cir. 1994).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Upon review of the district court's detailed factual findings of the circumstances under which Cape Ann Towing rendered services to M/Y Universal Lady, we find that the district court did not clearly err in its determination that the M/Y Universal Lady was not in a situation where there was a reasonable apprehension of maritime peril, thereby precluding Cape Ann Towing from entitlement to a salvage award. Notwithstanding Cape Ann Towing's assertions that the weather was still perilous and M/Y Universal Lady was positioned next to and above broken concrete pilings, upon review of the evidence presented at the non-jury trial, the district court found that (1) the weather had dramatically improved from the earlier hurricane conditions; (2) the M/Y Universal Lady was located in a marina, afloat, and secured by a rope to another boat, and (3) Cape Ann Towing had presented no credible evidence that the concrete pilings had damaged or posed further risk of damage to M/Y Universal Lady's hull.

The district court's factual findings cannot be reversed unless they are clearly erroneous such that "although there is evidence to support [them], the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." McAllister, 348 U.S. at 20. We do not find any such mistake here. While we recognize that there were strong wind conditions at the time Cape Ann Towing came upon the M/Y Universal Lady, the evidence

4

presented also showed that the center of the hurricane had already passed through the area and was moving to the northeast. Thus, it was not clearly erroneous for the district court to conclude that the weather conditions did not support a reasonable apprehension of maritime peril where the adverse weather conditions had begun to dissipate and would continue to do so as the hurricane moved on its northeastern track. Furthermore, although M/Y Universal Lady was next to several broken concrete pilings, the testimonial evidence and photographs demonstrate that she was afloat in the marina, secured by rope to another yacht and without any apparent damage that would have put her at risk of sinking. Given these circumstances, coupled with the improving weather conditions, we cannot state that the district court clearly erred in concluding that the broken concrete pilings did not pose a reasonable apprehension of maritime peril to M/Y Universal Lady.[4]

Additionally, we find no merit to Cape Ann Towing's argument that the district court should have awarded compensation for the rendered services on a per foot of vessel charge typically used in salvage situations as the district court concluded that Cape Ann Towing had not established that it acted as a salvor to

---

[4] We also note that unlike other maritime salvage cases where courts have found the presence of a maritime peril, M/Y Universal Lady had not been driven aground, was not on fire, was not leaking with the possibility of sinking, nor was she at the mercy of the sea due to a collision or loss of power. See Fine v. Rockwood, 895 F. Supp 306, 309 (S.D. Fla. 1995) (listing numerous cases where courts historically have found the existence of a maritime peril for purposes of a salvage award).

M/Y Universal Lady.

**AFFIRMED.**